KRISTOFFERSON *v.* STEWART.

MINES AND MINERALS—CONSTRUCTION OF WELL-DRILLING AGREEMENT.
  Defendant oil well driller's failure to drill second and third test
    wells on plaintiff's land as agreed under contract, stipulating
    that failure of defendant who had paid $6,000 for right to
    drill to commence actual drilling as provided for in the agree-
    ment, should make the agreement null and void, did not give
    plaintiff the sole option to determine whether the second and
    third wells should be. drilled.

Appeal from Arenac; Shaffer (John C.), J.   Sub-
mitted January 8, 1957.   (Docket No. 10, Calendar
No. 47,001.)   Decided April 22, 1957.

Action by O. H. Kristofferson against William B.
Stewart for damages for failure to drill oil wells.
Cause dismissed on motion.  Plaintiff appeals.  Af-
firmed.

*Ray D. Markel,* for plaintiff.

*Dennis J. O'Keefe* and *Harry E. Converse,* for de-
fendant.

KELLY, J.   This appeal involves the construction
of a written agreement, copy of which was attached
to plaintiff's declaration, together with letters in
connection therewith.   On motion of defendant, the
court concluded that the declaration, contract and

letters attached, did not establish a cause of action, and plaintiff appeals.

Plaintiff prepared the agreement, dated December 4, 1954, which was accepted by the defendant on December 6, 1954, whereby, in consideration of the payment of $6,000 to plaintiff, defendant contracted to drill test wells on plaintiff's property. Defendant promptly drilled the first well and on January 14, 1955, informed the plaintiff by letter that in view of the fact that the first well resulted in a dry hole that he did "not desire to exercise our option under your letter of December 4, 1954, either to drill the second test well on or before January 20, 1955, or to delay drilling until March 15, 1955, by payment to you of $3,500."

On the following day plaintiff wrote defendant, stating:

"Your letter of January 14 refers to our agreement of December 4, 1954 as an option. Our agreement was not an option, but required the drilling of 3 test wells on your part."

The paragraph of the December 4th agreement that will determine this appeal is as follows:

"Time is of the essence of this agreement, and failure on your part to commence actual drilling of any of said test wells as provided for herein, shall make this letter of agreement null and void, and I will not be obligated to make any assignments of leases after any such default."

It is the claim of the plaintiff that this contract gives to plaintiff the right to determine whether the second and third wells mentioned therein should be drilled, but does not give that option or right to the defendant.

. . In granting the motion to dismiss, the court commented upon the provision of the contract that "failure on your part to commence actual drilling

of any of said test wells as provided for herein, shall make this letter of agreement null and void," and stated that if that right was restricted solely to plaintiff, plaintiff should have so stated.

The contract provisions are not ambiguous. Plaintiff prepared the contract, and defendant paid $6,000 for the privilege or right to drill upon plaintiff's property. We agree with the trial court's construction of this contract.

Judgment affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.